NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 21 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANA GLORIA MENJIVAR-MELGAR, | No. 25-2150 |
| Petitioner, | Agency No. A206-688-772 |
| v. | MEMORANDUM* |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2025**

Before:     FRIEDLAND, MILLER, and SANCHEZ, Circuit Judges.

Ana Gloria Menjivar-Melgar, a native and citizen of El Salvador, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

her appeal from an immigration judge's decision denying her applications for

asylum, withholding of removal, and protection under the Convention Against

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\**       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo the legal question of whether a particular social group is cognizable, and review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We deny the petition for review.

The agency did not err in finding that Menjivar-Melgar did not show she is a member of a cognizable gender-related particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Conde Quevedo*, 947 F.3d at 1243 (proposed particular social group not cognizable given absence of society-specific evidence of social distinction). And even assuming Menjivar-Melgar's proposed family-based particular social group is cognizable, substantial evidence supports the agency's determination that she failed to show she was or would be persecuted on account of that protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

The lack of nexus to a protected ground causes Menjivar-Melgar's asylum

and withholding of removal claims to fail. *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179, 1183 (9th Cir. 2021).

In light of this disposition, we need not reach Menjivar-Melgar's remaining contentions regarding the merits of her claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence also supports the agency's denial of CAT protection because Menjivar-Melgar failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We do not consider the materials Menjivar-Melgar references in the opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The temporary stay of removal remains in place until the mandate issues. The motion to stay removal is otherwise denied.

**PETITION FOR REVIEW DENIED.**